McPartland Law Offices
Bryce P. McPartland, WSBA #37418
bpm@mcpartlandlaw.com
2830 W. Broadway Avenue
Moses Lake, Washington 98837
p. 509.495.1247
f. 509.651.9430
Attorney for Plaintiff, Lidstrom

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARLIN LIDSTROM and LAVERNE LIDSTROM, husband and wife and the marital community comprised thereof, <br><br> PLAINTIFFS, <br><br> v. <br><br> SCOTLYNN COMMODITIES INC., a foreign business entity; and YING H. ZHU, individually, <br><br> DEFENDANTS. | CAUSE NO. 4:23-CV-05144-MKD <br><br> **JOINT STATUS REPORT & DISCOVERY PLAN** |

THE PARTIES, by and through their attorneys of record, submit the following certificate pursuant to FRCP 26(f) and the Court's December 8, 2023 Notice Setting Telephonic Scheduling Conference.

The parties conducted the FRCP 26(f) conference on December 21, 2023 and make the joint representation to the Court:

1. The parties do not consent for this matter to be tried before a magistrate judge.
2. Jurisdiction, venue and standing are proper with the Court. The basis for such is diversity and the Eastern District is the location of the collision.
3. Determination of Service is Pending.
4. Plaintiffs contend that Defendants negligently operated a commercial vehicle and may have negligently hired and/or retained the Defendant Driver, causing injury and loss to Plaintiffs. Defendants deny that they were negligent and further dispute the nature and extent of Plaintiffs' injuries and damages.
5. No contention is being made that a statute is not constitutional.
6. No such contention is being made regarding a class action.
7. The parties are unaware of any issues that should be certified to the state supreme court.
8. Parties would stipulate to the Court's default schedule.
9. Parties would stipulate to the Court's default schedule.
10. Defendants filed the requisite corporate disclosure on October 27, 2023.
11. No minors or incompetent parties are currently involved in this litigation and no *guardian ad litem* is necessary.
12. Discovery

a. Suggested Deadlines for Initial Disclosures: January 26, 2024.

b. Discovery ought to be conducted on the parties' respective claims and defenses.

c. The parties are presently unaware of specific issues relating to preservation of evidence and reserve the right to address issues relating to spoliation, if any, with the Court in the future.

d. The parties are presently unaware of specific issues relating to claims of privilege or protection and reserve the right to address such issues with the Court in the future.

e. No modifications to discovery procedures are currently anticipated. There is no need for bifurcation of issues. No modification of the suggested limitations is currently necessary.

f. Expert disclosure deadlines. The parties defer to the Court's default schedule. If modification is necessary, the parties will confer before addressing the Court.

g. Suggested discovery cutoff. The parties defer to the Court's default schedule. If modification is necessary, the parties will confer before addressing the Court.

h. The parties do not anticipate requiring a separate agreement regarding inadvertent disclosures and agree to extend professional courtesies to each other.

13. The parties are presently unaware of any issues requiring protection orders and/or confidentiality agreements. If such becomes necessary, the parties will confer before addressing the Court.

14. The parties propose a dispositive motion cutoff date not sooner than 30 days after the discovery cut-off date.

15. Trial

    a. A jury was requested by Plaintiffs in their Complaint and by Defendants in their Answer.

    b. Location: Richland, Washington | Date: March, 2025

    c. 5-8 trial days

    d. No requests for bifurcation.

    e. The parties will confer with the Court and inspect the prospective trial court room, but do not anticipate any specific requests for special audio/visual courtroom technology. An interpreter may be necessary for at least one of the defendants.

16. Mediation

a. Mediation, if any, will be conducted privately. There is no request from the parties for referral to a magistrate judge for mediation purposes.

b. No efforts have been made toward settlement at this time.

c. The parties are unaware of any anticipated barriers to a productive mediation.

17. None that the parties are aware of at this time.

18. Defendants have filed its Corporate Information statements.

Dated this 21st day of December, 2023.

        McPARTLAND LAW OFFICES, PLLC
        Attorney for Plaintiff, Arlin & Laverne Lidstrom

        */s/ Bryce P. McPartland*
        Bryce P. McPartland, WSBA #37418


        WILSON SMITH COCHRAN DICKERSON
        Attorney for Defendants, Scottlynn Commodities, Inc. and Ying H. Zhu

        /s/ Jeff Sbaih
        Jeff Sbaih, WSBA #51551

# CERTIFICATE OF SERVICE

I hereby certify that on the December 27, 2023, I electronically filed the foregoing Joint Status Report & Discovery Plan with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to:

Jeff Sbaih
Dylan Jackson
Wilson Smith Cochran Dickerson
1000 Second Avenue / Suite 2050
Seattle, Washington 98104
sbaih@wcsd.com
jackson@wcsd.com

*/s/ Bryce P. McPartland*
Bryce P. McPartland, WSBA #37418
McPartland Law Offices PLLC
1426 S. Pioneer Way
Moses Lake, Washington 98827
p. 509.495.1247
f. 509.651.9430
Attorney for Plaintiff, Lidstrom