FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARLIN K. LIDSTROM and LAVERNE LIDSTROM, husband and wife and the marital community comprised thereof,<br><br>                      Plaintiffs,<br><br>  v.<br><br>SCOTLYNN COMMODITIES INC., a foreign business entity; and YING H. ZHU, individually,<br><br>                      Defendants. | No.  4:23-CV-05144-MKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>**ECF Nos. 21, 25** |

Before the Court is Defendant Scotlynn Commodities, Inc.'s ("Scotlynn's") Motion for Judgment on the Pleadings.  ECF Nos. 21, 25.[1]  On June 5, 2024, the

---

[1] Scotlynn filed its motion on March 7, 2024.  ECF No. 21.  On March 26, 2024, Scotlynn filed a corrected version, which noted a different date for hearing without oral argument, but was otherwise identical to the earlier filing.  ECF No. 25.

ORDER - 1

Court held a hearing on the motion.  Bryce Patrick McPartland appeared on behalf of Plaintiffs and Jeff M. Sbaih appeared on behalf of Defendants.  ECF No. 40.

This case concerns an automobile collision involving a truck driven by Plaintiff Arlin Lidstrom and a semi-truck driven by Defendant Ying H. Zhu and owned by Scotlynn.  *See* ECF No. 1.  Mr. Lidstrom and his wife Plaintiff Laverne Lidstrom filed suit alleging various causes of action pursuant to state negligence law against Scotlynn and Mr. Zhu.  ECF No. 1 at 8.  Scotlynn moves to dismiss several theories of negligence as legally insufficient.  ECF No. 25.

For the reasons stated below, Scotlynn's motion is granted in part and denied in part.

## BACKGROUND

The Complaint alleges the following.  ECF No. 1.  In March 2022, Mr. Lidstrom was driving southbound on Route 395 in his 2006 F-250 and hauling another vehicle.  ECF No. 1 at 3-4 ¶¶ 3.1-3.2.  At the same time, Mr. Zhu was driving eastbound on Foster Wells Road in a semi-truck on behalf of Scotlynn.  ECF No. 1 at 4-6 ¶¶ 3.4-3.5, 3.8-3.12.

Where the two roads intersect, traffic on Route 395 has the right of way, and stop signs control traffic on Foster Wells Road.  ECF No. 1 at 4 ¶ 3.3.  As Mr. Lidstrom approached the intersection, Mr. Zhu drove into his path, forcing Mr. Lidstrom to slam on his brakes.  ECF No. 1 at 5 ¶ 3.6-3.7.  Nevertheless,

Mr. Lidstrom's F-250 collided with the semi-truck and trailer in a T-bone fashion, causing significant damage.  ECF No. 1 at 7 ¶ 3.13.  Mr. Lidstrom was severely injured in the collision.  ECF No. 1 at 7 ¶ 3.16.

On October 19, 2023, Plaintiffs filed a Complaint alleging the following causes of action:

(1) Mr. Zhu was negligent in the operation of the semi-truck, ECF No. 1 at 8 ¶¶ 4.1-4.4;

(2) Scotlynn and Mr. Zhu failed duties under the Federal Motor Carrier Safety Regulations, 49 C.F.R. Parts 40, 303, 325, and/or 350-399, and other standards related to commercial motor vehicles; ECF No. 1 at 9 ¶ 4.5;

(3) Scotlynn negligently trained Mr. Zhu; ECF No. 1 at 9 ¶ 4.8;

(4) Scotlynn negligently allowed Mr. Zhu to use its vehicle; ECF No. 1 at 9 ¶ 4.8;

(5) Scotlynn negligently maintained the semi-truck and trailer; ECF No. 1 at 9 ¶ 4.8;

ORDER - 3

1    (6) Scotlynn is liable under *respondeat superior* and vicarious liability for Mr. Zhu's negligence; ECF No. 1 at 9 ¶ 4.9.[2]

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Stanley v. Trustees of the Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006). When considering a Fed. R. Civ. P. 12(c) motion, a district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020).

## DISCUSSION

Scotlynn seeks dismissal of certain theories of liability by advancing two arguments: (1) it is agreed that Mr. Zhu was Scotlynn's employee, therefore certain theories of Scotlynn's negligence are foreclosed; and (2) there is no cause

---

[2] Plaintiffs also allege joint and several liability pursuant to RCW 4.22.070's exceptions. ECF No. 1 at 9-10 ¶ 4.11. That issue is not before the Court at this time.

ORDER - 4

of action arising out of regulations. *See* ECF No. 25 at 5-9. Finally, the Court addresses discovery concerns raised in Plaintiffs' response. ECF No. 28 at 11-15.

### A. Mr. Zhu's Employment with Scotlynn and Theories of Liability

Defendants admit in their Answer that "Mr. Zhu was acting within the course and scope of his employment as a driver for Scotlynn, and therefore Scotlynn is vicariously liable for his negligence, if any." ECF No. 10 at 2 ¶ 2.4. The parties agree that Mr. Zhu may be held liable for his negligence, and that Scotlynn, as Mr. Zhu's employer, may be held vicariously liable for Mr. Zhu's negligence. ECF No. 25 at 5; ECF No. 28 at 3-4; s*ee also Anderson v. Soap Lake Sch. Dist.*, 423 P.3d 197, 214-15 (Wash. 2018) ("Vicarious liability imposes liability on an employer for the torts of an employee who is acting on the employer's behalf." (quotations omitted)). Scotlynn argues that this admission forecloses any theories of "direct negligence" against it. ECF No. 25 at 5-7; ECF No. 30 at 2-6.

Scotlynn primarily relies upon *LaPlant v. Snohomish County*, 271 P.3d 254, 255 (Wash. Ct. App. 2011), and its progeny for the argument. ECF No. 25 at 5-7; ECF No. 30 at 2-6. In *LaPlant*, Snohomish County deputy sheriffs pursued a stolen vehicle within which LaPlant was a passenger. 271 P.3d at 255. The driver lost control, crashed, and LaPlant suffered injury. *Id.* LaPlant sued the County, alleging that (1) the deputies were negligent and the County was vicariously liable,

ORDER - 5

and (2) the County was negligent in its training, supervision, and monitoring of the deputies. *Id.* at 255-56.

The Washington Court of Appeals explained that negligent hiring, training, and supervision claims against an employer require that the employee "acted outside the scope of his or her employment." *Id.* at 256. Therefore, such claims are "generally improper when the employer concedes the employee's actions occurred within the course and scope of employment." *Id.* at 257.

Scotlynn seeks to expand this principle to prevent recovery for any and all theories of its own negligence separate from Mr. Zhu's negligence. The Court considers each of Plaintiffs' causes of action in light of this argument.[3]

        1.    *Negligent Training*

If an employee acts within the scope of his employment, liability for his negligence is extended to his employer, in other words, the employer is

---

[3] At the hearing, Plaintiffs suggested that *LaPlant* should only apply to public employers. *LaPlant* made findings in terms of "employer and employee," not strictly "public employer and employee." *See generally* 271 P.3d at 256-57. Additionally, Washington courts have applied *LaPlant* in the context of private employment. *See, e.g., Garrison v. SagePoint Fin., Inc.*, 345 P.3d 792, 801 (Wash. Ct. App. 2015).

ORDER - 6

"vicariously liable." *LaPlant*, 271 P.3d at 256. As the *LaPlant* court explains, it would be redundant to also allow a "direct" claim against the employer for breach of the duties it owes as an employer (hiring, training, supervising, etc.). *Id.* at 257. This is because "[b]oth causes of action rest upon a determination that the [employee is] negligent and that this negligence was the proximate cause of [the plaintiff's] injuries." *Id.* If the employee was negligent, the employer is liable; if not, then the employer cannot be liable for negligently training him (there is no tort for the plaintiff to recover from). *Id.*

This same principle was explained in *Gilliam v. DSHS*, 950 P.2d 20, 28 (Wash. Ct. App. 1998). There, plaintiff sued a child protective services investigator and the State of Washington for an allegedly negligent investigation. *Id.* at 21-24. The plaintiff argued that Washington should be liable for the investigator's conduct (1) vicariously and (2) directly, for negligently supervising the investigator during the investigation. *Id.* at 28. The Court of Appeals explained, "[u]nder these circumstances a cause of action for negligent supervision is redundant." *Id.*

Plaintiffs do not genuinely defend their negligent training claim as legally cognizable in Washington given the state of the pleadings. *See* ECF No. 28 at 10-11. Instead, they cite to out-of-jurisdiction precedent to indicate that the tide is turning on this doctrine. ECF No. 28 at 10-11 (citing *McQueen v. Green*, 202 N.E.

ORDER - 7

3d 268 (Ill. 2022); *Martin v. Thomas*, 346 So. 3d 238 (La. 2022); *Wright v. Watkins and Shepard Trucking Company*, 972 F. Supp. 2d 1218 (D. Nev. 2013)). Washington courts continue to apply *LaPlant*, as recently as this year. *See LaBounty v. Mount Baker Sch. Dist. No. 507*, No. 84610-8-I, 2024 WL 692500, at *7 n.9 (Wash. Ct. App. Feb. 20, 2024) ("In Washington, a cause of action for negligent supervision requires a plaintiff to show that an employee acted outside the scope of his or her employment." (citing *LaPlant*, 271 P.3d at 256)).

Plaintiffs do not allege that Mr. Zhu acted outside of the scope of his employment during the time in question. Therefore, the Complaint lacks legally sufficient factual matter to support a recoverable claim that Scotlynn negligently trained him. Plaintiffs' negligent training claim is dismissed.

      2.     *Negligent Entrustment*

"A person entrusting a vehicle to another may be liable under a theory of negligent entrustment only if that person knew, or should have known in the exercise of ordinary care, that the person to whom the vehicle was entrusted is reckless, heedless, or incompetent." *Weber v. Budget Truck Rental, LLC*, 254 P.3d 196, 198 (Wash. Ct. App. 2011) (quoting *Mejia v. Erwin*, 726 P.2d 1032, 1034 (Wash. Ct. App. 1986)). Scotlynn cites to *Niece v. Elmview Grp. Home*, to argue that these "negligent entrustment" claims can only arise outside of the scope of employment. 929 P.2d 420, 425-26 (Wash. 1997).

ORDER - 8

The *Niece* decision discusses a distinct theory of employer negligence, wherein "the relationship between employer and employee gives rise to a limited duty, owed by an employer to foreseeable victims, to prevent the tasks, premises, or instrumentalities entrusted to an employee from endangering others." *Id.* at 426. *Niece* recognizes a cause of action where an employer negligently entrusts instrumentalities, like a semi-truck, to an employee. *Id.* As the *Niece* court explains, that cause of action, like negligent training, applies where the employee acts outside the scope of employment. *Id.*

However, the *Niece* decision does not concern the broader vehicle-entrustment common law cause of action recognized in *Weber*, which may be established without regard to an employer-employee relationship. 254 P.3d at 198. Scotlynn offers no authority indicating that an employer cannot be liable for negligent entrustment in addition to vicarious liability for an employee negligence.

In fact, *Kaye v. Lowe's HIW, Inc.* suggests the opposite. 242 P.3d 27, 33-34 (2010). There, the plaintiff sought a default judgment against non-appearing defendants. *Id.* at 29. Plaintiff alleged that two defendants negligently entrusted a truck to a third, who then struck her with it in a parking lot. *Id.* Plaintiff also alleged vicarious liability—that the driver defendant was acting within the scope of authority granted by, and for the benefit of, the two other defendants. *Id.* The court's discussion of the merits of the case noted no conflict between the two

ORDER - 9

1   theories, though concluded the plaintiff failed to allege sufficient facts for either.

2   *Id.* at 31-35; *see also Mills v. Southern*, No. 31167-4-II, 2005 Wash. App. LEXIS

3   1495 (Wash. Ct. App. June 21, 2005) (discussing vicarious liability and negligent

4   entrustment, with no mention that the theories are mutually exclusive).

5       The Court declines to extend *LaPlant* to negligent entrustment claims

6   without authority requiring it do so.[4]

7       However, upon review of the allegations in the Complaint, Plaintiffs'

8   negligent entrustment claim should be dismissed not for legal insufficiency, but for

9   factual insufficiency. *Stanley*, 433 F.3d at 1133. The *Kaye* court efficiently

10  explains the problem with Plaintiffs' Complaint in the following quote, modified to

11  identify the parties of this case:

> [Plaintiffs'] allegation that [Scotlynn] owned the truck . . . alone is insufficient to establish a claim of negligent entrustment. Although [their] complaint further alleged that [Scotlynn was] negligent in [its] entrustment of the vehicle to [Mr. Zhu], this allegation—which is not a

---

[4] Admittedly, *LaPlant*'s logic facially applies to this case: if an employer is vicariously liable for torts caused by the employee with a vehicle, there seems no point in litigating whether the employer should have known better than to entrust the vehicle to that employee. 271 P.3d at 256-57. If the employee is liable, so is the employer; if not, there is no wrongdoing to extend the employer through negligent entrustment. *Id.*

ORDER - 10

> factual allegation, but rather is a legal conclusion—is not [presumed to be true]. . . . Thus, . . . [Plaintiffs] failed to plead . . . that [Scotlynn] was negligent in entrusting the truck to [Mr. Zhu].

242 P.3d at 33-34.

At most, the Complaint alleges that Mr. Zhu might have been distracted or tired while operating the semi-truck. ECF No. 1 at 1-8. There are no facts alleged that give an inference that Scotlynn knew or should have known that Mr. Zhu was "reckless, heedless, or incompetent." *Weber*, 254 P.3d at 198. Plaintiffs' negligent entrustment claim is dismissed.

### 3. Negligent Maintenance

Scotlynn, without citation, asserts that "[e]ven assuming Mr. Zhu's truck was improperly maintained, if his conduct as the driver involved in the accident did not amount to negligence, then Scotlynn cannot be liable as a matter of law[.]" ECF No. 25 at 7. Scotlynn seems to propose that it may neglect to maintain its semi-trucks, which travel on public roads with 100,000lbs loads, and escape liability so long as the drivers of those vehicles do not operate them negligently.

For this proposition, Scotlynn again offers *LaPlant*. ECF No. 25 at 7. *LaPlant* does not protect an employer from liability for its own negligence simply because one of its employees was at the forefront of an accident causing injury. 271 P.3d at 256-57. As explained more fully above, *LaPlant* explains that it is redundant to allow a claim against an employer for failing to exercise care in its

ORDER - 11

1  hiring, training, or supervising when the resulting harm was caused by the
2  negligently hired, trained, or supervised employee.  *Id.*  The rational of the narrow
3  rule is simple: the employer is already vicariously liable for that harm, so it is
4  redundant to litigate what should have occurred in hiring, training, or supervising.
5  *Id.*

6      *LaPlant*, 271 P.3d at 256-57, and *Gilliam*, 950 P.2d at 28, do not concern
7  situations where the employer committed negligence separate and apart from the
8  conduct of the employee.  Negligence, simply, is duty, breach, injury, and
9  causation.  *Kaye*, 242 P.3d at 33.  A showing of those elements creates liability,
10 barring some other doctrine of law holding otherwise.  No such doctrine is
11 presented here; therefore, it is legally permissible to hold Scotlynn liable for
12 negligently maintaining the semi-truck without regard to whether Mr. Zhu was
13 negligent.

14     However, like their negligent entrustment claim, Plaintiffs' negligent
15 maintenance claim is not supported with any factual allegations in the Complaint.
16 The are no allegations concerning the condition of the semi-truck or its
17 maintenance history.  Therefore, the Complaint lacks sufficient allegations to give
18 rise to the inference that Scotlynn failed to adhere to the relevant standard of care
19 in the maintenance of its trucks.  Plaintiffs' negligent maintenance claim is
20 dismissed.

ORDER - 12

### B. Causes of Action Relating to Federal Regulations

Scotlynn argues that there is no legally cognizable cause of action arising out of federal regulations, therefore the Court should dismiss any attempt to hold Scotlynn liable for violating federal regulations. ECF No. 25 at 7-9.

Indeed, there is no private cause of action arising out of the Federal Motor Carrier Safety Regulations. *See Reichert v. Mendez*, No. CV-22-02163, 2023 WL 1814293, at *3 (D. Ariz. Feb. 8, 2023) ("nothing within the FMCSR indicates an intent by Congress to create a private federal cause of action for personal-injury claims."). As Plaintiffs conceded at the hearing, the Complaint is not an attempt to create one. ECF No. 1 at 9 ¶ 4.5. The source of Plaintiffs' cause of action is Washington negligence law, which provides that "[a] breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence[.]" RCW 5.40.050.

Defendants owe duties to the public to exercise ordinary care, and regulations may inform the fact finder as to the extent of those duties. RCW 5.40.050. While Defendants may not be held negligent *per se* for violations of those regulations, the regulations "may be considered as evidence of negligence." *Morse v. Antonellis*, 70 P.3d 125, 126 (Wash. 2003).

ORDER - 13

Given Plaintiffs' clarification at the hearing, the Court does not construe Plaintiffs' reference to federal regulations as the invocation of a federal "regulatory negligence" cause of action; instead, the reference is a factual assertion of a duty owed and breached.

Somewhat separately, Scotlynn again offers *LaPlant* and *Gilliam* as a complete shield from liability for its own negligence. ECF No. 30 at 7. For the reasons stated above, the Court disagrees. Scotlynn may be held liable for its negligence separate and apart from Mr. Zhu's conduct, presuming a duty and breach distinct from negligent hiring, training, or supervision.

Scotlynn's motion is denied to the extent it seeks to dismiss claims for reference to regulations.

**C.     Discovery Disputes**

There is no discovery motion before the Court, but Plaintiffs express concern over discovery so far and characterize the instant motion as an inappropriate attempt "to bar Plaintiffs from properly investigating Defendant Zhu's employment history[.]" ECF No. 28 at 12. In addition, the parties have twice previously submitted discovery letter briefs, which were withdrawn shortly after filing, indicating some friction in the discovery process thus far. ECF Nos. 23, 24, 32, 33.

Fed. R. Civ. P. 26(b)(1) provides as follows:

ORDER - 14

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Moreover, the scope of discovery is "broad." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014).

Plaintiffs pursue a claim against Mr. Zhu and Scotlynn alleging Mr. Zhu's negligent operation of the semi-truck. ECF No. 1 at 8 ¶ 4.1. Scotlynn's admission that Mr. Zhu is their employee does not render irrelevant evidence related to their employment relationship, including hiring, training, and other employment files related to Mr. Zhu. Mr. Zhu's knowledge of relevant industry regulations and standards, or Scotlynn's internal policies and procedures for drivers, trucks, and routes, may evidence a disregard for the relevant standard of care. Evidence of the condition and maintenance of the semi-truck is relevant to whether his operation of the vehicle was the sole cause of the collision. Within reason, Scotlynn's internal practices, business, structure, etcetera, are relevant to establish a context for Mr. Zhu's employment, the semi-truck's operation, and the collision at the heart of this case. Plaintiffs are entitled to such discovery, within the limits of proportionality established by Fed. R. Civ. P. 26(b)(1).

ORDER - 15

1    These preliminary observations should be considered instructive but not

2 final.  Further discovery disputes may be resolved through conference with the

3 Court or motions practice.

## CONCLUSION

5    For the reasons stated herein, Plaintiffs' negligent training, negligent

6 entrustment, and negligent maintenance claims are dismissed.  The dismissals are

7 without prejudice to refiling in an amended pleading with sufficient factual matter

8 to support the claims.  With respect to all other arguments, Defendants' motion is

9 denied.

10    Accordingly, **IT IS HEREBY ORDERED:**

11    1.    Defendants' Motion for Judgment on the Pleadings, **ECF No. 21**, is

12 **DENIED as moot.**

13    2.    Defendants' Motion for Judgment on the Pleadings, **ECF No. 25**, is

14 **GRANTED in part** and **DENIED in part.**

15    //

3.     Plaintiff's negligent training, negligent entrustment, and negligent maintenance claims are **DISMISSED without prejudice.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED June 6, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 17