McPartland Law Offices
Bryce P. McPartland, WSBA #37418
bpm@mcpartlandlaw.com
Bryton A. Redal, WSBA #56946
bar@mcpartlandlaw.com
2830 W. Broadway Avenue
Moses Lake, Washington 98837
p. 509.495.1247
f. 509.651.9430
Attorney for Plaintiffs Lidstrom

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARLIN LIDSTROM and LAVERNE LIDSTROM, husband and wife and the marital community comprised thereof,<br><br>PLAINTIFFS,<br><br>v.<br><br>SCOTLYNN COMMODITIES INC., a foreign business entity; and YING H. ZHU, individually,<br><br>DEFENDANTS. | CAUSE NO. 4:23-CV-05144-RLP<br><br>PLAINTIFFS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE<br><br>January 28, 2025<br>Without Oral Argument |

Replying to Defendants' Statement of Disputed Material Facts:

1. No dispute.

2. No dispute.

3. No dispute.

**Plaintiffs' Reply Statement of Material Facts Not in Dispute − Lidstrom v. Scotlynn Commodities Inc., et al**
**Page 1 of 7**

McPartland Law Offices
2830 W. Broadway
Moses Lake, Washington 98837
p. 509.495.1247 / f. 509.651.9430

4.  Generally undisputed, though it bears clearing up. Defendants generally agree that the accident occurred while Defendant Zhu was making his left turn, but dispute that the accident occurred when Defendant Zhu "began" to make his left turn. Defendant Zhu only traveled 65 feet from the stop bar to impact. *ECF 78-2* at p. 16. Given the point of impact, and Defendant Zhu's need to travel across two lanes of a highway before turning left onto northbound SR 395 (*ECF 78-2* at p. 5), it is correct to say that the collision occurred when Defendant Zhu "began" to make his left turn.

5.  No dispute.

6.  No dispute.

7.  Disputed. Defendants' disputed fact does not actually dispute that Defendant Zhu was looking right when Defendant Zhu began accelerating. Defendant Zhu testified that he looked to the right, then looked back at Mr. Lidstrom, then looked to the right a second time and decided to pull into the intersection. *ECF 71-1*, p. 131-132 (Zhu Dep 119:15-120:2). Defendants dispute this fact, but in doing so, concede that Defendant Zhu's last look was to his right. Defendants also dispute Plaintiffs' contention by saying that Defendant Zhu looked left again "while he was making his maneuver." *ECF 93*, ¶ 7. That does not dispute Plaintiffs' contention that Defendant Zhu was looking away from Mr. Lidstrom when Defendant Zhu **began** accelerating.

8.  Defendants in essence do not dispute this fact, either, and they agree that novice drivers are taught that they need to be able to clear an intersection before oncoming traffic arrives. Defendants qualify their response by pointing out that there are

**Plaintiffs' Reply Statement of Material Facts Not in Dispute – Lidstrom v. Scotlynn Commodities Inc., et al**
**Page 2 of 7**

McPartland Law Offices
2830 W. Broadway
Moses Lake, Washington 98837
p. 509.495.1247 / f. 509.651.9430

general exceptions to the notion that novice drivers are taught they must be able to clear an intersection before oncoming traffic arrives, but when Mr. Desmond was asked again if drivers are taught they need to be able to clear an intersection before traffic arrives, he replied "That's what's listed in the Commercial Vehicle Manual." *ECF 71-1* at 173, 80:1-6. The fact is not disputed by either party.

9. No dispute.

10. No dispute.

11. Defendants, again, do not actually dispute this fact, but point to vague "exceptions" to try to escape Mr. Desmond's clear testimony that commercial vehicle operators are taught not to enter an intersection if doing so causes oncoming traffic to brake or swerve. The lone "exception" Mr. Desmond vaguely refers to is where a roadway is not designed to accommodate a commercial vehicle. *ECF 71-1* at p. 171, 78:15-79:6. However, Mr. Desmond included in his report that the route Defendant Zhu chose was appropriate and reasonable, and that there were no restrictions or other apparent conditions prohibiting Defendant Zhu from utilizing the route he selected. *Redal Declaration*, Exhibit A at 17. The fact should be considered undisputed.

12. No dispute.

13. No dispute.

14. No dispute because Defendants' "dispute" does not make any sense – a driver cannot be in the right turn lane more than 942 feet away from the stop bar because the right turn lane extends only 920 feet (*ECF 70*, ¶ 15), and only fully forms at 750 feet

Plaintiffs' Reply Statement of Material Facts
Not in Dispute – Lidstrom v. Scotlynn
Commodities Inc., et al
Page 3 of 7

McPartland Law Offices
2830 W. Broadway
Moses Lake, Washington 98837
p. 509.495.1247 / f. 509.651.9430

away from the stop bar (*Id.*). So, at 942 feet away from the stop bar, a southbound driver on SR 395 could not be in the right turn lane.

15. No dispute.

16. Disputed. See Response to Paragraph 14 above. At 942 feet, southbound traffic on SR 395 has not arrived at the beginning of the right turn lane, so all of Defendants' points regarding the right turn lane at this point are irrelevant and completely misleading. Further, Defendants' "dispute" tries to subtract braking from the definition of "evasive action" when evasive action means any action taken to avoid something. Braking fits within that definition. Regardless, both parties agree that had Defendant Zhu began accelerating when Mr. Lidstrom was 10.7 seconds away from the collision, it was impossible for Mr. Lidstrom not to be forced to take evasive action. For what it is worth, Defendant points to the same meaning of evasive action in its response to Paragraph 22 without any issue with braking fitting that definition. And while Defendants' "disputes" regarding the right turn lane are irrelevant here given the length of the right turn lane, Mr. McKee also testified that Defendant Zhu could have simply not pulled out in front of southbound traffic to prevent the collision. *ECF 71-1* at 164-165, 127:2-128:1.

17. Disputed. See Response to Paragraph 7 above, specifically noting that Defendants do not actually dispute that Defendant Zhu's last look before accelerating was to his right.

**Plaintiffs' Reply Statement of Material Facts Not in Dispute – Lidstrom v. Scotlynn Commodities Inc., et al**
**Page 4 of 7**

McPartland Law Offices
2830 W. Broadway
Moses Lake, Washington 98837
p. 509.495.1247 / f. 509.651.9430

18. Disputed. See Response to Paragraph 7 above, specifically noting that Defendants do not actually dispute that Defendant Zhu's last look before accelerating was to his right.

19. Disputed. Mr. McKee, in his expert report, specifically referenced the emergency situation Mr. Lidstrom was confronted with as a result of Defendant Zhu's actions. *ECF 71-1* at 24.

20. No dispute generally, but the fact applies equally to southbound traffic in any lane on SR 395.

21. No dispute generally, but the fact applies equally to southbound traffic in any lane on SR 395.

22. Disputed. Mr. McKee's analysis, specifically the pages cited by Defendants in Paragraph 22 of its Response, does contain a difference between drivers in the southbound through lane or the turn lane. *ECF 78-2* at 25, 30. This makes sense, because regardless of the lane of travel, if a southbound driver is traveling 60 mph (the posted speed limit), their perception response time would remain the same. Defendants concede this exact point in the following sentences, getting it correct when referring to any oncoming motorist. Mr. McKee also specifically testified that perception reaction time began at 7.7 seconds, i.e., the moment Defendant Zhu began accelerating. *ECF 71-1*, 157-158, 85:10-86:15. Further, Defendants mistakenly say that an oncoming vehicle on SR 395 has 7.7 seconds to perceive, react, and avoid crashing into Defendant crossing the intersection. But Mr. McKee clarifies that it is 7.7 seconds <u>minus</u> 5.8 seconds to start

**Plaintiffs' Reply Statement of Material Facts Not in Dispute – Lidstrom v. Scotlynn Commodities Inc., et al**
**Page 5 of 7**

McPartland Law Offices
2830 W. Broadway
Moses Lake, Washington 98837
p. 509.495.1247 / f. 509.651.9430

braking (*ECF 71-1* at 158, 86:3-15), meaning a total of 5.8 seconds of perception reaction time (7.7s - 5.8s = 1.9s) **not** that southbound traffic has 7.7 seconds to avoid a collision. Defendants actually concede this point in response to Paragraph 21, so it is bizarre they take issue with it here.

    23.    No dispute.

    24.    No dispute that this is what Mr. Zhu testified to, with the qualification that Defendant Zhu's testimony does not make sense when he was not looking Mr. Lidstrom's direction when he began accelerating and he had less than 0.8 seconds to:

- Turn his head from all the way to his left to all the way to his right, away from Mr. Lidstrom's vehicle;
- Determine the location of the tractor-trailer heading northbound on SR 395;
- Determine the location of the second tractor trailer behind the first tractor-trailer on northbound SR 395;
- Decide to accelerate into the intersection;
- Apply his left foot to the clutch pedal;
- Shift his manual transmission into gear;
- Move his foot from the brake pedal to the accelerator pedal;
- Apply his foot to the accelerator pedal; and
- Begin accelerating into the intersection.

*ECF 69*, 16-18.

**Plaintiffs' Reply Statement of Material Facts Not in Dispute – Lidstrom v. Scotlynn Commodities Inc., et al**
**Page 6 of 7**

McPartland Law Offices
2830 W. Broadway
Moses Lake, Washington 98837
p. 509.495.1247 / f. 509.651.9430

Defendant Zhu could not have performed all of the above in 0.8 seconds, and because he could not, he cannot accurately testify that he saw Mr. Lidstrom in the right turn lane when Defendant Zhu began to accelerate from the stop bar.

25.    No dispute.

Dated this 10th day of January, 2025.

                          McPARTLAND LAW OFFICES, PLLC.

                          */s/ Bryton A. Redal*
                          Bryce P. McPartland, WSBA #37418
                          Bryton A. Redal, WSBA #56946
                          2830 W. Broadway Avenue
                          Moses Lake, Washington 98837
                          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the December 6, 2024, I electronically filed the foregoing Motion was filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to:

Jeff Sbaih – sbaih@wscd.com  sinclair@wscd.com  ou@wscd.com
Dylan Jackson – jackson@wscd.com  quade@wscd.com  gockley@wscd.com
Wilson Smith Cochran Dickerson
1000 Second Avenue / Suite 2050
Seattle, Washington 98104

                          */s/ Bryce P. McPartland*
                          Bryce P. McPartland, WSBA #37418

**Plaintiffs' Reply Statement of Material Facts Not in Dispute – Lidstrom v. Scotlynn Commodities Inc., et al**
**Page 7 of 7**

McPartland Law Offices
2830 W. Broadway
Moses Lake, Washington 98837
p. 509.495.1247 / f. 509.651.9430