FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 18, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARLIN LIDSTROM and LAVERNE LIDSTROM, husband and wife and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTLYNN COMMODITIES INC., a foreign business entity; and YING H. ZHU, individually,<br><br>Defendants. | NO. 4:23-cv-05144-RLP<br><br>ORDER ON MOTIONS FOR SUMMARY JUDGMENT |

Before the Court are three Motions for Summary Judgment, ECF Nos. 59, 69, and 72. Plaintiffs are represented by Bryce P. McPartland and Bryton A. Redal. Defendants are represented by Dylan E. Jackson and Jeff M. Sbaih. The matter was submitted to the court without oral argument. Defendants' motion (ECF No. 59) seeks summary judgment on the issue of negligence *per se* and limiting damages exceeding amounts endorsed by experts. Plaintiffs have filed one motion (ECF 69)

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT * 1

1  requesting summary judgment as to liability and a second motion (ECF 72)

2  requesting summary judgment as to past medical bills.[1]

3      As explained below, there are genuine issues of material fact that preclude

4  the majority of the parties' motions. Plaintiffs' two motions for summary judgment

5  (ECF Nos. 69, 72) are denied due to disputed facts. With respect to Defendants'

6  motion, the portion regarding negligence *per se* was resolved by the Court's Order

7  Granting in Part and Denying in Part Defendants' Motion for the Judgment on the

8  Pleadings (ECF No. 41). This aspect of Defendants' motion (ECF No. 59) is

9  therefore denied as moot. In addition, questions of fact persist as to the extent of

10  Plaintiffs' medical bills. Thus, Defendants' motion for summary judgment

11  regarding the extent of medical bills (ECF No. 59) is denied. However, the parties

12  agree Plaintiffs' claim for lost wages is capped at $188,842. Summary judgment is

13  granted as to this limited portion of Defendant's motion (ECF No. 59).

14

15  _____

16      [1] Plaintiffs are admonished that under the Court's Second Jury Trial

17  Scheduling Order, the parties were required to obtain leave of the Court prior to

18  filing multiple, successive, or piecemeal motions for summary judgment. ECF No.

19  53 at ¶10B. Ordinarily, a motion filed in violation of the scheduling order would be

20  stricken.

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT * 2

1    A jury trial is currently scheduled in this matter for June 2, 2025. The parties

2  are directed to contact the Court's courtroom deputy on or before Tuesday,

3  February 25, 2025 to schedule a video status conference.

4                                  BACKGROUND

5    This case arises out of a motor vehicle collision on U.S. Route 395[2] at the

6  intersection of Foster Wells Road. Plaintiff Arlin Lidstrom was driving southbound

7  on U.S.-395, with the right-of-way. Defendant Ying H. Zhu was turning left onto

8  U.S.-395 from Foster Wells Road after stopping at a stop sign. Mr. Zhu was

9  driving a semi-truck owned by Defendant Scotlynn Commodities. Mr. Lidstrom

10 was driving a pickup truck and hauling a trailer carrying another vehicle. Mr.

11 Lidstrom's pickup struck the rear portion of the semi in a T-bone fashion, causing

12 significant damage and injuries.

13   The facts leading up to the collision are disputed. Mr. Lidstrom claims he

14 was driving at the 60 mile-per-hour speed limit in the right through lane of the

15 highway when Mr. Zhu's semi-truck pulled out in front of him. Defendants

16 contend Mr. Lidstrom was actually in the right turn lane and he was slowing down,

17

18 _____

19   [2] The parties and their experts refer to the highway as SR 395. The Court

20 takes judicial notice of the fact that the correct title is U.S.-395.

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT * 3

1   with his right turn-signal activated. According to Defendants, Mr. Zhu entered into

2   the intersection with the expectation Mr. Lidstrom would turn right.

3       Plaintiffs Arlin and Laverne Lidstrom brought this negligence action against

4   Defendants in 2023. In 2024, the Court dismissed Plaintiffs' claims regarding

5   negligent training, negligent entrustment, and negligent maintenance. ECF No. 41.

6   The Court also clarified Plaintiffs could not assert a private cause of action arising

7   out of the Federal Motor Carrier Safety Regulations. Nevertheless, violations of

8   federal regulations could be considered as evidence of negligence.

9       Pursuant to the terms of the Court's scheduling orders, discovery is now

10  complete and the parties have filed competing motions for partial summary

11  judgment.

## DISCUSSION

13      Summary judgment will be granted if the moving party "shows that there is

14  no genuine dispute as to any material fact and the movant is entitled to judgment as

15  a matter of law." FRCP 56(a). In ruling on a motion for summary judgment, the

16  Court views the evidence and inferences therefrom "in the light most favorable to

17  the adverse party." *James v. River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915,

18  920 (9th Cir. 2008) (quoting *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310

19  (9th Cir. 1977)). "A fact issue is genuine 'if the evidence is such that a reasonable

20  jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island*

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT * 4

*Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2dc 202 (1986)).

*1. Defendants' Motion for Partial Summary Judgment (ECF No. 59)*

Defendants seek summary judgment based on alleged violations of Federal Motor Carrier Safety Regulations. They also seek to cap Plaintiffs' claims for economic damages beyond what has been disclosed during discovery.

The first component of Defendants' motion has already been addressed by the Court's Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings. *See* ECF No. 41. As set forth in that Order, Plaintiffs are not alleging negligence *per se*. Rather, evidence of any regulatory violations is simply evidence of negligence. Thus, this aspect of Defendants' motion is denied as moot.[3]

With respect to economic damages, Plaintiffs agree lost wages should be capped, but Plaintiffs contend that medical expenses are ongoing and that the issue of whether expenses have been disclosed through discovery is more properly addressed through a pre-trial motion in limine. The Court agrees with Plaintiffs.

---

[3] Defendants' motion cites criticisms of opinions put forth by Plaintiffs' trucking expert, Roger Allen. The proper scope of Mr. Allen's testimony is addressed in the Court's Order on Motions to Exclude Expert Testimony.

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT * 5

1    Accordingly, this aspect of Defendants' motion is granted in part and denied in

2    part. As set forth by Plaintiffs' expert, Mr. Lidstrom's total past and future wage

3    loss is between $105,199 and $188,842, depending on whether he would have

4    worked to age 75 or 80, but for injuries sustained in the collision. The amount of

5    Plaintiffs' medical expenses is a matter that must be resolved at trial.

6    *2. Plaintiffs' Motion for Summary Judgment Regarding Liability (ECF*

7    *No. 69)*

8         To establish a claim of negligence, Plaintiffs must prove four elements: (1)

9    duty, (2) breach, (3) causation, and (4) damages. *See Lowman v. Wilbur*, 178

10   Wn.2d 165, 169, 309 P.3d 387 (2013). The debate here is whether there is a

11   genuine issue of material fact as to breach.

12        Plaintiffs argue that because RCW 46.61.190(2)(a) requires a driver stopped

13   at a stop sign to yield to oncoming traffic, Mr. Zhu necessarily breached his duty to

14   Mr. Lidstrom. The Court disagrees with this assessment. The cited statute requires

15   drivers stopped at a stop sign to "yield the right-of-way to any vehicle in the

16   intersection or approaching on another roadway so closely as to constitute an

17   immediate hazard during the time when such driver is moving across or within the

18   intersection or junction of roadways." *Id*. Viewing the evidence in the light most

19   favorable to Defendants, Mr. Zhu did not violate this standard. According to Mr.

20   Zhu, Mr. Lidstrom was turning right at the time Mr. Zhu entered onto U.S.-395

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT * 6

from the stop sign. Had Mr. Lidstrom continued to turn right as expected, he would not have posed a hazard to Mr. Zhu's line of travel.

Plaintiffs make the alternative argument that, based on the analysis of Defendants' accident reconstruction expert, Mr. Zhu's recollection of the events leading up to the collision cannot be accurate. The Court disagrees the expert testimony is sufficiently clear that no reasonable jury could rely on Mr. Zhu's account. Indeed, contrary to Plaintiffs' arguments, Defendants' expert report concludes the evidence supports Mr. Zhu's account of the collision. *See* ECF No. 71-1, at 28-29. Plaintiffs' motion for summary judgment on liability (ECF No. 69) is denied.

*3. Plaintiffs' Motion for Summary Judgment re: Past Medical Bills (ECF No. 72).*

Plaintiffs seek summary judgment regarding Mr. Lidstrom's past medical bills. Defendants agree Mr. Lidstrom sustained the following injuries as a result of the vehicle collision: a chest wall contusion, sternum and rib fractures, cardiac injury, lip laceration, various abrasions, right foot nerve injury, left foot/ankle sprain, and a left leg fracture. However, However, Defendants have proffered expert testimony disputing that some of Mr. Lidstrom's injuries were connected to the collision. *See* ECF No. 95-1 at p. 151, ⁋ 11-14. The proffered testimony also disputes some of the treatments received by Mr. Lidstrom as unnecessary. *See Id.*

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT * 7

1    at p. 163, ℙ 2. The Court is satisfied there are genuine issues of material fact

2    precluding summary judgment on the issue of past medical bills. Thus, summary

3    judgment on this issue is denied. Nevertheless, given the parties agree as to

4    significant aspects of Mr. Lidstrom's injuries and past treatment, they are

5    encouraged to streamline trial on this issue through the use of stipulations.

6    //

7

8    //

9

10    //

11

12    //

13

14    //

15

16    //

17

18    //

19

20    //

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT * 8

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendants' Motion for Partial Summary Judgment **(ECF No. 59)** is **GRANTED in part** and **DENIED in part** as set forth in this Order.

2. Plaintiffs' Motion for Partial Summary Judgment Regarding Liability **(ECF No. 69)** is **DENIED**.

3. Plaintiffs' Motion for Partial Summary Judgment Regarding Past Medical Bills **(ECF No. 72)** is **DENIED**.

4. The parties are directed to contact the Court's courtroom deputy on or before **Tuesday, February 25, 2025** to schedule a video status conference.

**IT IS SO ORDERED.**

The District Court Executive is directed to enter this Order and forward copies to the parties.

DATED February 18, 2025.

REBECCA L. PENNELL
United States District Judge

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT * 9